IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,811-03






EX PARTE MERRILL GALEN HASKELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 548766D IN THE 372ND DISTRICT COURT

TARRANT COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of driving while intoxicated, and punishment was assessed at twelve (12)
years' confinement. No direct appeal was taken.

 Applicant contends that he has been improperly denied credit against his sentence for
time served on supervised release.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). Therefore, it is this Court's opinion that additional
facts need to be developed and because this Court does not hear evidence, the trial court is
the appropriate forum. The trial court shall resolve those issues as set out in Tex. Code
Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories
from the appropriate officials of the Texas Department of Criminal Justice, Correctional
Institutions Division and Parole Division, or it may order a hearing. In the appropriate case
the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant has satisfied the requirements of Tex. Gov't Code § 501.0081, and
if he has, whether Applicant is currently serving a sentence for or has previously been
convicted of an offense that would render him ineligible for street time credit. If Applicant
has not been convicted of an ineligible offense, the trial court shall make findings as to
whether on the issuance date of the warrant or summons initiating the revocation process, the
remaining portion of Applicant's sentence was greater than the time spent on supervised
release. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus. The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety (90) days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 15th DAY OF NOVEMBER, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.